## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Reliant Capital Solutions, LLC | : | |
| 670 Cross Pointe Road | : | |
| Gahanna, Ohio 43230 | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **Case No. 2:22-cv-3047** |
| | : | |
| Ram Payment, LLC, | : | |
| 412 North Cedar Bluff Road, Ste 400 | : | **JURY DEMAND ENDORSED HEREON** |
| Knoxville, Tennessee 37923 | : | |
| | : | |
| | : | |
| Defendant | : | |

_____

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND DECEPTIVE TRADE PRACTICES**

Plaintiff, Reliant Capital Solutions, LLC ("Reliant" or "Plaintiff"), by and through its counsel and for its complaint, hereby alleges as follows against the defendant, Ram Payment, LLC ("RAM" or "Defendant"):

### NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition under federal law and under the statutory and the common law of the state of Ohio.

2. Plaintiff brings this action to prevent and halt consumer confusion and mistake as to the source, affiliation or sponsorship of Plaintiff's services on one hand, and Defendant's services on the other hand, stemming from the infringement of Plaintiff's

RELIANT trademark and acts of deceptive trade practices, false designation of origin, and unfair competition by Defendant.

3. Plaintiff seeks preliminary and permanent injunctive relief as well as monetary relief for Defendant's infringement of Plaintiff's trademark rights and Defendant's acts of unfair competition.

## THE PARTIES

4. Plaintiff, Reliant Capital Solutions, LLC, is an Ohio limited liability company with its principal place of business in Gahanna, Ohio.

5. Upon information and belief, Defendant Ram Payment, LLC, is a Delaware limited liability company having a place of business in Knoxville, Tennessee.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Plaintiff's claims are based on the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and substantial and related claims under the statutory and common law of the state of Ohio.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District and a substantial part of property that is the subject of the action is situated in this District.

9. Defendant registered with the Ohio Secretary of State as a Foreign Limited Liability Company in 2020.

10. Defendant obtained a Money Transmitter License from the Ohio Department of Commerce in 2021.

11. Personal jurisdiction is proper in this District at least because Defendant regularly conducts business within the state of Ohio and within this District.

12. Defendant's unlawful acts that are the subject of this Complaint include acts that were purposefully committed within the state of Ohio and within this District.

13. Personal jurisdiction is also proper in this District because Defendant's services are advertised and offered within the state of Ohio and within this District, which advertising and services are the subject of this litigation.

## FACTUAL ALLEGATIONS

### Plaintiff and the Asserted RELIANT Marks

14. Plaintiff is an accounts receivable management company which was founded in 2007.

15. Since 2007, Plaintiff has provided accounts receivable management services in United States commerce under the RELIANT mark (hereinafter the "RELIANT Mark").

16. The services offered by Plaintiff under the RELIANT Mark in commerce include, but are not limited to, debt collections, student loan recovery and servicing, accepting Automated Clearing House (ACH) payments and payments via credit and debit cards, asset recovery, contact center outsourcing, real-time graphical reporting, contact specialist monitoring and coaching, digital call recording, skip tracing, asset searches, customer phone campaigns, legal payment processing, payment monitoring programs, cure programs, customized reporting, and pre-collection services (hereinafter collectively "the RELIANT services").

17. The industries to which Plaintiff provides the RELIANT services include, but are not limited to: higher education institutions, financial institutions, government, retail, automotive, healthcare, and commercial.

18. Plaintiff's use of the RELIANT Mark in commerce in conjunction with its provision of the RELIANT services has been continuous and uninterrupted since 2007.

19. On September 18, 2015, Plaintiff filed U.S. Application Serial No. 86/761,253 ("the '253 Application") to register the mark RELIANT CAPITAL SOLUTIONS, LLC as associated with "debt collection; debt recovery and collection agencies" services in international class 036.

20. The '253 Application was filed based on Plaintiff's use of the mark in commerce since at least as early as January 23, 2007.

21. On February 7, 2017, the '253 Application registered as U.S. Registration No. 5,135,368 ("the '368 Registration"), a true and accurate copy of which is hereby attached as Exhibit A.

22. The '368 Registration is owned by Plaintiff.

23. The '368 Registration has acquired incontestable status.

24. "RELIANT" is the dominant feature of the RELIANT CAPITAL SOLUTIONS, LLC mark registered under the '368 Registration.

25. In addition to its registered trademark rights, Plaintiff has substantial common law rights in the RELIANT Mark throughout the United States as associated with at least the RELIANT services.

26. Plaintiff is commercially known and referred to as RELIANT.

27. Plaintiff utilizes RELIANT in conjunction with its provision of the RELIANT services in different ways, including as part of the logos shown below (collectively referred to herein as "the RELIANT Logos"):





28. RELIANT is the dominant feature of Plaintiff's trademarks, including the RELIANT Logos.

29. The RELIANT CAPITAL SOLUTIONS, LLC mark of the '368 Registration, the RELIANT Logos, and the RELIANT Mark as otherwise utilized by Plaintiff (collectively the "Asserted RELIANT Marks") are used by Plaintiff in commerce in connection with the RELIANT Services.

30. Plaintiff conducts business online and maintains a website at www.reliantcapitalsolutions.com, where Plaintiff advertises its services in connection with the RELIANT Mark and also processes payments on behalf of its customers.

31. Plaintiff advertises and promotes its business on Facebook via the @ReliantCapitalSolutions account, and on Linkedin as "Reliant Capital Solutions."

32. In conjunction with advertising and marketing the RELIANT services, Plaintiff attends and participates in various industry trade shows, including the Receivables Management Association International (RMAI) conference.

33. Trade shows are an important sales and marketing channel for Plaintiff, and Plaintiff participates in trade shows associated with the accounts receivable management and debt resolution industries.

34. Over the years, Plaintiff has spent a considerable amount of money and has exercised great effort in advertising and establishing the RELIANT Marks in the minds of consumers throughout the United States and throughout the world as an identifier of RELIANT's high-quality services.

35. The RELIANT Mark is widely recognized by the relevant consuming public of the United States as a designation of the source of the goods and services of Plaintiff.

36. Plaintiff refers to itself, and has referred to itself, as "Reliant."

37. Plaintiff is known and referred to by others, and has been known and referred to by others, as "Reliant."

38. Plaintiff has built considerable goodwill in the Asserted RELIANT Marks through its continuous use of the Asserted RELIANT Marks in commerce.

**Defendant and its Rebranding to "Reliant"**

39. Upon information and belief, Defendant was formed in October of 2018.

40. Defendant provides debt relief payment processing services.

41. Apart from debt relief companies, Defendant provides services to debt relief companies and creditors in a variety of industries, including attorneys, bankruptcy trustees, and tax resolution providers.

42. Defendant has provided services to student loan debt relief service providers.

43. Defendant has performed payment processing for student loan debt relief service providers.

44. Prior to 2021, Defendant was commercially known as "RAM."

45. Prior to 2021, Defendant's services were advertised in connection with the following logo:



46. Prior to 2021, Defendant's services were marketed and advertised via the website ramservicing.com.

47. Prior to 2021, Defendant referred to itself as "RAM."

48. Defendant rebranded itself from "RAM" to "Reliant" in 2021.

49. In spring 2021, Defendant posted on Linkedin that "[w]e are proud to announce that Reliant Account Management (or "RAM") has rebranded to "Reliant."

50. By spring of 2021, Defendant began using the website domain reliantpayment.com.

51. By spring of 2021, the domain ramservicing.com was redirecting visitors to the domain reliantpayment.com.

52. On May 11, 2021, Defendant filed U.S. Trademark Application No. 90704243 (the '243 Application) for the mark RELIANT.

53. The '243 Application was filed in International Class 036 and currently recites the following services: "Financial services, namely, electronic funds transfer via electronic communications networks. Financial transaction services, namely, providing secure

commercial transactions and payment options via electronic communications networks; none of the recited services are for use in connection with the provision of physical rehabilitation services or the provision of other healthcare and medical services."

54. The '243 Application was filed based on use in commerce and alleges a first use date of April 6, 2021.

55. On May 11, 2021, Defendant also filed U.S. Trademark Application No. 90704172 (the '172 Application) for the following mark:



56. The '172 Application was filed based on use in commerce and alleges a first use date of April 6, 2021.

57. According to the '172 Application, the mark consists in part of "a drawing of a ram."

58. Ram Payment, LLC is listed as the owner of both the '243 Application and the '172 Application.

59. Actual confusion has occurred as a result of Defendant's rebranding and present use of RELIANT.

60. Since Defendant's rebranding, Plaintiff has been contacted by actual and prospective customers who mistakenly believed that an employee of Defendant was employed by Plaintiff.

61. In July 2021, Plaintiff's counsel wrote to Defendant, informing Defendant that since Defendant's rebranding from RAM to RELIANT Plaintiff had experienced confusion

between Plaintiff and Defendant, and requesting that Defendant cease use of RELIANT.

62. However, Defendant did not agree to cease using RELIANT, and did not cease use of RELIANT, and Defendant continues to advertise and market, operate website and social media that utilizes the RELIANT mark.

63. On May 11, 2022, the Consumer Federal Protection Bureau (CFPB) issued a Consent Order against Defendant and other respondents, identifying that Defendant and other respondents had, among other things, violated provisions of the Consumer Financial Protection Act of 2010.

64. The CFPB has ordered Defendant and other respondents jointly and severally liable for over $8M in redress.

65. The CFPB has also ordered Defendant jointly and severally liable with the other respondents for paying a $3M penalty, to be deposited into the CFPB's victims' relief fund.

66. The May 11, 2022 Consent Order was publicized on the Consumer Financial Protection Bureau website.

67. News of the May 11, 2022 Consent Order and the related CFPB's enforcement action against Defendant has been publicized on a variety of websites.

68. Since May 11, 2022, Plaintiff has been contacted by at least one client who saw news about the enforcement proceedings against Defendant and was confused as to whether Plaintiff was involved in the enforcement proceedings or not.

69. Plaintiff is suffering, and will continue to suffer, irreparable harm if Defendant continues to use the RELIANT brand.

70. Defendant's reputation in the industry, particularly after the recent May 11, 2022 Consent Order, is causing irreparable harm to Plaintiff's reputation to the extent that consumers incorrectly believe that Plaintiff was the one fined and otherwise sanctioned by the Consumer Federal Protection Bureau for legal violations.

## COUNT I –INFRINGEMENT OF
## FEDERALLY REGISTERED TRADEMARK (15 USC § 1114)

71. Plaintiff incorporates and realleges, as if fully stated herein, the allegations of Paragraphs 1 through 70.

72. Plaintiff is the owner of a federally registered trademark for RELIANT CAPITAL SOLUTIONS, LLC as associated with "debt collection; debt recovery and collection agencies."

73. Defendant provides debt relief payment processing services in connection with the RELIANT mark.

74. Defendant's use of the RELIANT mark in connection with debt relief payment processing services is likely to confuse consumers into believing that Defendant's services are provided by, sponsored by, connected to, affiliated with, or associated with Plaintiff, when in fact they are not.

75. Actual confusion between Plaintiff and Defendant has already occurred as a result of Defendant's use of the RELIANT mark.

76. Defendant's use of the RELIANT mark infringes on the registered rights of Plaintiff, and is a violation of 15 U.S.C. § 1114.

77. Pursuant to 15 U.S.C. § 117(a), Plaintiff should be awarded its damages sustained as well as its reasonable attorneys' fees and costs.

78. Plaintiff's remedies under 15 U.S.C. § 1117(a) are not sufficient to fully protect Plaintiff's continuing interest in preserving and protecting its RELIANT CAPITAL SOLUTIONS, LLC against future infringement by Defendant.  Plaintiff is entitled to an injunction against Defendant's continued or future use of the RELIANT CAPITAL SOLUTIONS, LLC mark, or any colorable imitation or confusingly similar variation to the RELIANT CAPITAL SOLUTIONS, LLC mark, pursuant to 15 U.S.C. § 1116.  Plaintiff is also entitled to an injunction prohibiting any other infringing use or unfair competition by Defendant in connection with the RELIANT CAPITAL SOLUTIONS, LLC mark.  Pursuant to 15 U.S.C. § 1116, irreparable harm is presumed if this Court finds that Plaintiff has a likelihood of success on the merits or finds a violation of Plaintiff's rights.

79. Plaintiff is entitled to a preliminary and permanent injunction against Defendant as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

**COUNT II – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP (15 U.S.C. § 1125 (a)(1)(A))**

80. Plaintiff incorporates and realleges as if stated fully herein the allegations of Paragraphs 1 through 79.

81. Plaintiff's Asserted RELIANT Marks are well-established and serve to identify the services emanating from, sponsored by, approved by, authorized by, associated with, or affiliated with Plaintiff.

11

82. The RELIANT mark utilized by Defendant is confusingly similar to Plaintiff's Asserted RELIANT Marks.

83. Defendant uses its RELIANT mark in connection with debt relief payment processing services and related advertising in a manner that is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant's goods and services and is likely to cause consumers to erroneously believe that Defendant's services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff or that Defendant's services are in some way affiliated with Plaintiff's services.

84. Defendant's use of the RELIANT Mark in connection with debt relief payment processing services and related advertising constitutes false designation of origin and/or sponsorship and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

85. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer irreparable harm to Plaintiff's Asserted RELIANT Marks, and to Plaintiff's business, goodwill, reputation, and profits.

86. Defendant's acts have been and will continue to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

87. Plaintiff will continue to be irreparably harmed unless Defendant is restrained from further infringement of Plaintiff's Asserted RELIANT Marks.  An award of money damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

88. Plaintiff is entitled to a preliminary and permanent injunction against Defendant as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

**COUNT III – VIOLATION OF OHIO DECEPTIVE TRADE PRACTICES ACT**
**(O.R.C. §4165.02)**

89. Plaintiff incorporates and realleges as if stated fully herein the allegations of Paragraphs 1 through 88.

90. Defendant has used and continues to use Plaintiff's RELIANT mark (and/or colorable imitations thereof) in connection with debt relief payment processing services and related advertising in a manner that is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant's services and is likely to cause consumers to erroneously believe that Defendant's services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff or that Defendant's services are in some way affiliated with Plaintiff's services.

91. Defendant's use of the RELIANT mark in providing debt relief payment processing services and related advertising constitutes deceptive trade practices in violation of O.R.C. § 4165.02(A)(1), (2), (3), and (7).

92. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer irreparable harm to the Asserted RELIANT Marks and to Plaintiff's business, goodwill, reputation, and profits.

13

93. Plaintiff will continue to be irreparably harmed unless Defendant is restrained from further infringement of Plaintiff's Asserted RELIANT Marks. An award of money damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

94. Defendant's deceptive trade practices have been and continue to be deliberate, willful, and wanton.

95. The Court should award Plaintiff its reasonable attorneys' fees pursuant to O.R.C. § 4165.03.

96. Plaintiff is entitled to a preliminary and permanent injunction against Defendant pursuant to O.R.C. § 4165.03 as well as all other remedies available, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorneys' fees. *See* O.R.C. § 4165.03(C).

## COUNT IV – UNFAIR COMPETITION UNDER THE COMMON LAW OF OHIO

97. Plaintiff incorporates and realleges as if stated fully herein the allegations of Paragraphs 1 through 96.

98. Plaintiff's Asserted RELIANT Marks are well-established marks that serve to identify the services emanating from, sponsored by, approved by, authorized by, associated with, or affiliated with Plaintiff.

99. The Asserted RELIANT Marks have been continuously utilized in commerce by Plaintiff for many years in conjunction with the provision of various services offered in interstate commerce and throughout the state of Ohio.

14

100. Defendant is offering its services under the RELIANT mark in the zone of penetration where consumers have come to identify the RELIANT mark as a source identifier for Plaintiff.

101. Defendant uses the RELIANT Mark in connection with debt relief payment processing services and related advertising in a manner that is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public, including those within the state of Ohio, as to the origin, source, sponsorship, or affiliation of Defendant's services and such use is likely to cause, and has actually caused, consumers to erroneously believe that Defendant's goods and services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff or that Defendant's services are in some way affiliated with Plaintiff.

102. Defendant's use of the RELIANT Mark in connection with services and related advertising constitutes unfair competition under the common law of the state of Ohio.

103. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer irreparable harm to the Asserted RELIANT Marks and to Plaintiff's business, goodwill, reputation, and profits.

104. Plaintiff will continue to be irreparably harmed unless Defendant is restrained from further infringement of the Asserted RELIANT Marks.  An award of money damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

105. Defendant's foregoing acts of unfair competition have been and continue to be deliberate, willful, and wanton.

15

106. Plaintiff is entitled to a preliminary and permanent injunction against Defendant as well as all other remedies, including, but not limited to, compensatory damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT

107. Plaintiff incorporates and realleges as if stated fully herein, the allegations of Paragraphs 1 through 106.

108. The Asserted RELIANT Marks are well-established marks that serve to identify the services emanating from, sponsored by, approved by, authorized by, associated with, or affiliated with Plaintiff.

109. The Asserted RELIANT Marks have been utilized in commerce continuously by Plaintiff in conjunction with the provision of various services offered in interstate commerce and throughout the state of Ohio.

110. Defendant uses the RELIANT Mark in connection with debt relief payment processing services and related advertising which are substantially identical to the services offered by Plaintiff.

111. Defendant is offering its services under the RELIANT Mark, and advertising the same, in the zone of penetration where consumers have come to identify the mark as a source identifier for Plaintiff.

112. Defendant uses the RELIANT Mark in connection with debt relief payment processing services and related advertising in a manner that is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public, including those within the state of Ohio, as to the origin, source, sponsorship, or affiliation of Defendant's services and is likely to cause consumers to erroneously

16

believe that Defendant's goods and services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff or that Defendant's services are in some way affiliated with Plaintiff's services.

113. Defendant's use of the RELIANT Mark in providing debt relief payment processing services and related advertising constitutes trademark infringement under the common law of the state of Ohio.

114. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer irreparable harm to the Asserted RELIANT Marks and to Plaintiff's business, goodwill, reputation, and profits.

115. Plaintiff will continue to be irreparably harmed unless Defendant is restrained from further infringement of Plaintiff's Asserted RELIANT Marks.  An award of money damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

116. Defendant's foregoing acts of trademark infringement have been and continue to be deliberate, willful, and wanton.

117. Plaintiff is entitled to a preliminary and permanent injunction against Defendant as well as all other remedies, including but not limited to, compensatory damages, disgorgement of profits, and costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment in its favor and against Defendant as follows:

1) A determination that Defendant has violated 15 U.S.C. § 1114(1) and 15 U.S.C.
§ 1125(a)(1), that Plaintiff has been damaged by such violations, and that Defendant
is liable to Plaintiff for such violations, including, but not limited to, a finding that:

    a. Defendant's actions render this case exceptional within the meaning of 15
U.S.C. § 1117(a); and

    b. Plaintiff is entitled to a preliminary and permanent injunction against
Defendant as well as all other remedies available under the Lanham Act,
including, but not limited to, compensatory damages, treble damages,
disgorgement of profits, and costs and attorneys' fees;

2) A determination that Defendant has committed deceptive trade practices in violation
of O.R.C. § 4165.02(A)(1), (2), (3), and (7), that Plaintiff has been damaged by such
violations, and that Defendant is liable to Plaintiff for such violations including but
not limited to a finding that:

    a. Defendant's deceptive trade practices have been and continue to be
deliberate, willful, and wanton;

    b. Plaintiff should be awarded its reasonable attorneys' fees pursuant to O.R.C.
§ 4165.03(B); and

    c. Plaintiff is entitled to a preliminary and permanent injunction against
Defendant pursuant to O.R.C. § 4165.03(A) as well as all other remedies
available, including, but not limited to, compensatory damages, treble
damages, disgorgement of profits, and costs and attorneys' fees. *See* O.R.C.
§ 4165.03(C);

3) A determination that Defendant's use of the RELIANT Mark constitutes unfair competition under the common law of the state of Ohio, that Plaintiff has been damaged by such violations, and that Defendant is liable to Plaintiff for such violations, including, but not limited to, a finding that:

    a. Defendant's acts of infringement have been and continue to be deliberate, willful and wanton;

    b. Plaintiff is entitled to actual damages and Defendant's profits; and

    c. Plaintiff is entitled to a preliminary and permanent injunction against Defendant as well as all other remedies available including but not limited to, compensatory damages, punitive damages, treble damages, disgorgement of profits, and costs and attorneys' fees;

4) A determination that Defendant's use of the RELIANT Mark constitutes trademark infringement under the common law of the state of Ohio, that Plaintiff has been damaged by such violations, that Defendant is liable to Plaintiff for such violations including but not limited to a finding that:

    a. Defendant's acts of infringement have been and continue to be deliberate, willful and wanton;

    b. Plaintiff is entitled to actual damages and Defendant's profits; and

    c. Plaintiff entitled to a preliminary and permanent injunction against Defendant as well as all other remedies available, including, but not limited to, compensatory damages, punitive damages, treble damages, disgorgement of profits, and costs and attorneys' fees;

5) Under all claims for relief, that a preliminary and permanent injunction issue enjoining Defendant and its employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

    a. imitating, copying, or making any unauthorized use of any of the Asserted RELIANT Marks;

    b. importing, manufacturing, producing, circulating, selling, offering for sale, advertising, promoting or displaying any product using any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the RELIANT Marks or any marks confusingly similar thereto;

    c. using any false designation of origin or false description or performing any act which is likely to lead members of the trade or public to believe that any service or product manufactured, distributed, or sold by Defendant is in any manner associated or connected with Plaintiff or is sold, manufactured, licensed, sponsored, approved, or authorized by or is somehow affiliated with Plaintiff; and

    d. engaging in any other activity constituting unfair competition with Plaintiff or acts and practices that deceive the public and/or the trade;

6) For an order directing that Defendant delivers for destruction all products, labels, badging, tags, signs, prints, packages, videos, and advertisements in Defendant's possession and under Defendants' control, created by Defendant or on its behalf bearing or using Plaintiff's Asserted RELIANT Marks or any marks confusingly similar thereto pursuant to 15 U.S.C. § 1118;

7) For an order directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendant in commerce is authorized by Plaintiff or related in any way to Plaintiff's goods or services;

8) For an award of punitive damages as deemed necessary, and as allowed by applicable law, in light of Defendant's willful and wanton wrongdoing;

9) For an award of interest, including pre-judgment and post-judgment interest on the foregoing sums; and

10) For an award of such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial of all issues triable by jury.

Dated: August 5, 2022                    Respectfully submitted,

/s/ Jeffrey S. Standley
Jeffrey S. Standley (Ohio Bar 0047248)
F. Michael Speed, Jr. (Ohio Bar 0067541)
Beverly A. Marsh (Ohio Bar 0080935)
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, OH 43017
Telephone: (614)792-5555
Facsimile: (614)792-5536
Email:  jstandley@standleyllp.com
        mspeed@standleyllp.com
        bmarsh@standleyllp.com
        litigation @standleyllp.com

*Counsel for Plaintiff, Reliant Capital Solutions, LLC*

21