**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RELIANT CAPITAL SOLUTIONS, LLC** : | |
| : | Case No. 2:22-CV-03047 |
| Plaintiff, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | MAGISTRATE JUDGE JOLSON |
| **RAM PAYMENT, LLC,** : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Ram Payment, LLC's unopposed Motion to Redact and Seal Select Portions of the September 20, 2022 Preliminary Injunction Hearing Transcript and Exhibits. (ECF No. 33). For the following reasons and in accordance with L.R. 5.2.1(a), the Motion is **GRANTED**. Defendant is **ORDERED** to provide this Court with both a redacted and unredacted copy of each document at issue via email within **fourteen (14) days** of the date of this Opinion and Order (Marbley_Chambers@ohsd.uscourts.gov).

**I. BACKGROUND**

Plaintiff Reliant Capital Solutions, LLC ("Reliant" or "Plaintiff") is an Ohio limited liability company which provides accounts receivable management services under the RELIANT mark that include debt collection and debt recovery. (ECF No. ¶¶ 4, 15, 19). Defendant Ram Payment, LLC ("RAM") is an independent account management and payment processing company which acts as a neutral intermediary, capable of providing payment processing services to clients in several industries. (ECF No. 15 at 2). In 2019, Defendant acquired trademark intellectual property assets from Reliant Account Management and changed its name to Account Management Systems, LLC. (*Id*. at 3; ECF No. 16 ¶ 6). In mid-2019, the Consumer Financial Protection Bureau ("CFPB") began investigating Account Management Systems, LLC, based on

1

actions taken by its previous owners and ultimately found fault. (ECF No. 16 ¶ 14). In April 2021, after engaging a creative firm to help redesign its website and logo, Defendant rebranded itself to Reliant and filed a U.S. Trademark Application for the mark RELIANT. (ECF No. 15 at 4).

In August 2022, Plaintiff filed a Motion for Preliminary Injunction with this Court alleging "[a]ctual confusion had occurred as a result of Defendant's rebranding and present use of RELIANT," and petitioned this Court to enjoin Defendant using from any RELIANT marks. (ECF No. 1 ¶ 59). Defendant responded and a Preliminary Injunction hearing was held on Tuesday, September 20, 2022. (ECF No. 28). On October 25, 2022, Defendant filed this Motion to Redact Transcript and Seal Select Portions of the Preliminary Injunction Hearing Transcript and Exhibits. (ECF No. 33). The Motion meets the requirements of L.R. 5.2.1(a) and Plaintiffs do not oppose the Motion. Therefore, it is ripe for review.

## II. STANDARD

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at

2

305 (concluding that "only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

It is well settled that, "[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). To this end, "[t]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). This Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

### III. ANALYSIS

Defendant seeks to redact certain portions of the Preliminary Injunction hearing transcript and to seal one defense exhibit. (ECF No. 33). The information falls into two general categories:

3

(1) non-public, internal business processes and strategies, and (2) sensitive financial information. (*Id.* at 3). The requested material includes:

- Defendant's Exhibit No. D-34: Defendant's Business Plan dated June 1, 2022;
- Testimony of Mr. Michael Sullivan (Vice President and CFO of Ram Payment) at Hearing Transcript lines 206:16–207:16; and
- Testimony of Ms. Debra Janssen (President and CEO of Ram Payment) at Hearing Transcript lines 238:16–25; 239:5–9; 239:12–18; 239:21–240:4; 240:11–13; 240:16–19; 247:4–11; 247:15–248:1; 248:4–5; 249:14–17; 255:19–20; and 261:2.

Defendant accurately articulates that this dispute involves a trademark infringement claim regarding both company's logos which requires this Court to apply the "likelihood of confusion" test. *Frisch's Rests., Inc. v. Elby's Big Boy Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982). Of the eight factors the courts consider in this type of dispute, relatedness of the goods/services provided by the companies and the likelihood that the Defendant will expand its services to overlap with the Plaintiff's, require the parties to submit to this Court substantial evidence regarding their business practices. *Id.* at 648. Additionally, at the beginning of the Preliminary Injunction hearing, the parties "informed the Court that certain witness testimony and exhibits may include information that the parties deem confidential." (*Id.* at 1). This Court accommodated the parties' request, and throughout the hearing, the parties flagged certain exhibits and testimony as containing confidential information regarding internal services and processes, market analyses, and customer revenue and cost-saving information. (*Id.* at 1-2). The Defendant represents that disclosure on the public docket of this private information would put Defendant at a disadvantage to their competitors in the marketplace. (*Id.* at 2).

This Court has recognized that companies have a compelling interest in protecting confidential information when disclosure on the public docket would "give a significant advantage to competitors of the parties in this action." *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020); *see also Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021). For example, this Court has found that parties met their burden to seal confidential information where the documents at issue included financial trade secret information, investments, revenues, expenses, and profit margins. *Language Access Network v. CulturaLink*, No: 2:19-CV-194, 2021 WL 5298048, at * 2 (S.D. Ohio Nov. 15, 2021). Further, this Court has held that there is minimal harm to the public interest if the public "will not need to view the parties' highly confidential business information to understand the events giving rise to the dispute, or the arguments made in that motion." *London Comp. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at * 4 (S.D. Ohio Aug. 29, 2019). A trademark dispute regarding a company's logo and the similarities of their businesses is well understood through the analysis of public-facing information and does not require detailed information regarding a company's inner workings. This is true here.

Finally, the proposed redactions and request to seal one defense exhibit are narrowly tailored. Defendant does not seek to redact a large portion of the transcript nor seal many of their exhibits. Defendant only seeks to redact about ten (10) pages in total of a 268–page hearing transcript. Thus, the seal is no broader than necessary to address the compelling reasons for non-disclosure. *See Proctor & Gamble*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017).

Defendant has met the burden to justify sealing these documents, which contain detailed, non-public information about Ram's market intelligence analyses, services, internal processes,

5

sensitive financial information "relating to Defendant's revenue per customer," and "cost savings associated with certain agreements between Defendant and one of its strategic partners." (ECF No. 33 at 1-2). Accordingly, the motion is **GRANTED**.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** the Defendant's unopposed Motion to Redact the Hearing Transcript and Motion to Seal Defendant's Exhibit No. D-34. (ECF No. 33). Defendant is **ORDERED** to provide this Court both a redacted and unredacted copy of each document at issue to the Court via email (Marbley_Chambers@ohsd.uscourts.gov) within **fourteen (14) days** of the date of this Opinion and Order.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  November 1, 2022**

6